*LAW LIBRARY*

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

CLERK OF COURT

LORI ANN MARCUS,

                Plaintiff,

      vs.

ARNOLD RUBEN MARCUS,

                Defendant.

) Domestic Case No. DM0914-94
)
)
)
)
) **DECISION AND ORDER: Plaintiff's**
) **Motion for Contempt**
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 14, 2013, on Lori Ann Marcus' ("Plaintiff") Motion for Contempt against Arnold Ruben Marcus ("Defendant"). Plaintiff was represented by Harold F. Parker, Esq. Defendant was represented by Anthony R. Camacho, Esq. Upon review of the oral and written arguments, and legal authorities presented by the parties, the Court issues its Decision and Order.

## BACKGROUND

The above entitled case was adjudged on April 11, 1996, granting the parties entitlement to a divorce from each other on mutual grounds of extreme mental cruelty. See Interlocutory Judgment of Divorce at 1 (Apr. 11, 1996). The interlocutory judgment provided, *inter alia*, that Plaintiff is awarded "one-half of defendant's military retirement contributions, income and benefits accrued from May, 1983 through June, 1994." Id. at 2.

Plaintiff states that Defendant has retired from the military more than a year ago and has paid no sum to the Plaintiff. Amended Mot. for Contempt at 1-2 (Mar. 29, 2013).

## DISCUSSION

Plaintiff moves the Court for an order that Defendant be held in contempt herein, and/or that the Interlocutory Judgment herein be modified to properly reflect the form of a Qualified Domestic Relations Order ("QDRO"). See Pl.'s Mot. for Contempt (Apr. 26, 2013). Plaintiff argues that Defendant has retired from the military more than a year ago and has not paid any

1

DM914-94:Marcus v. Marcus
Plaintiff's Mot. for Contempt

sum pursuant to the Interlocutory Judgment executed on April 11, 1996, awarding her one-half of defendant's military retirement contributions, income and benefits accrued from May, 1983 through June, 1994. Id. Plaintiff also notes that the military has declined to pay directly to her because her judgment is not in the form of a QDRO. Id.

Defendant opposes the motion and argues that he is not in contempt because there is no valid order for Plaintiff to receive his military retirement pay. Def.'s Opp'n Mot. (Apr. 26, 2013). Defendant further argues that here, the retirement award was not expressed as a formula or hypothetical retired pay award as required by the Department of Defense Financial Management Regulation as interpreted by the Uniformed Former Spouses Protection Act. Id. In addition, Defendant argues that the motion to amend the Interlocutory Judgment is time barred. Id.

Guam law provides that "[d]isobedience of any lawful judgment, order, or process of the court;" is deemed contempt of court pursuant to Title 7 GCA § 34101(a)(5). The Court agrees with Plaintiff that the original order in the instant case was not a Qualifying Domestic Relations Order. However, Defendant has failed to pay anything under the order and has ignored the same. In light of that, the Court finds that the original order has not been meted out, for more than a year. Accordingly, the Court **GRANTS** Defendant's Motion for Contempt. However, the Court withholds any sanctions against Defendant at this time, but **ORDERS** Defendant to disclose his reserve retirement points within two weeks of this Decision in order to effectuate the judgment of the Court, and in order to put into effect a QDRO to assure Plaintiff's further payments.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Plaintiff's Motion consistent with this Order.

**SO ORDERED** this _16_ day of _Aug._, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 6 2013

Alvimar D. Quitoriano
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

DM914-94:Marcus v. Marcus
Plaintiff's Mot. for Contempt

2